UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCE PATRICK RUSHING | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| TARGET CORPORATION of MINNESOTA, | * | |
| TARGET CORPORATION, ACE AMERICAN | * | MAGISTRATE |
| INSURANCE COMPANY and MR. DARRYL | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes defendants Target
Corporation and/or Target Corporation of Minnesota, (hereafter sometimes referred to as
"Target"), ACE American Insurance Company, (hereafter sometimes referred to as "ACE")  and
Darrell Mitchell, who hereby request this Honorable Court to remove that certain matter styled,
"Joyce Patrick Rushing versus Target Corporation of Minnesota, Target Corporation, ACE
American Insurance Company and Mr. Darryl" suit number 14-0003578, from the docket of the
21st Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana, (hereinafter
sometimes referred to as the "state court proceeding"), to the United States District Court for the
Eastern District of Louisiana, on the following grounds, to-wit:

1.

On or about December 3, 2014, plaintiff filed a petition for damages against named
defendants Target Corporation and/or Target Corporation of Minnesota, ACE American
Insurance Company, and Mr. Darryl.  Plaintiff Joyce Patrick Rushing alleged that she received

personal injuries as a result of being stuck by a motorized shopping cart on or about December 5, 2013 at a Target store location in Hammond, Louisiana.

2.

Plaintiff alleges that she is a resident and domiciliary of the Parish of Tangipahoa, State of Louisiana.  Therefore, plaintiff is a citizen of the State of Louisiana.

3.

Defendants Target Corporation, and/or Target Corporation of Minnesota, are corporations organized under the laws of the State of Minnesota with their principal place of business in Minneapolis, Minnesota.  Therefore, defendants are citizens of the State of Minnesota.

4.

Defendant ACE American Insurance Company is a foreign insurance company organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.  Therefore, defendant is a citizen of the State of Philadelphia.

5.

In her petition, plaintiff also names as an additional defendant "Mr. Darryl" who is alleged to be the store manager and who is alleged to be of the full age of majority and domiciled in the Parish of Tangipahoa, State of Louisiana, and an employee of Target.

6.

The store manger at the time of the incident was Darrell Mitchell, who has filed exceptions of insufficient service against him.  Mr. Mitchell is currently a citizen of the State of

Georgia.  Plaintiff has no arguable claim under Louisiana Law for recovery against defendant Mr. Darryl or Darrell Mitchell, and has joined him as a defendant in this matter in order to defeat diversity jurisdiction and keep this matter in state court.

7.

Because plaintiff has no arguable or reasonable basis on which to state a cause of action against defendant Mr. Darryl or Darrell Mitchell, the joining of this defendant and the alleged lack of diversity caused by his presence does not bar removal to this court.

8.

Plaintiff and defendants Target and ACE are citizens of different states.

1.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PRUSUANT TO 28 U.S.C. § 1332.**

9.

28 U.S.C. § 1332 provides Federal District courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- citizens of different States."

A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

10.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages which the plaintiffs were seeking in the state court proceeding, i.e., the amount in controversy.  The petition only made generic allegations of damages that Joyce Patrick Rushing sustained, and that her damages included past, present, and future pain and

suffering and mental anguish; loss of enjoyment of life; disability; medical expenses; and future medical expenses.

11.

The allegations of the state court petition were not such that it was readily ascertainable that the action was removable at the time of its filing.  Since the filing of the petition for damages, and within the last 30 days, defendants have received "other paper(s)" which evidence that the amount which plaintiffs will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs.  Defendants are informed and believe that the amount in controversy for the matter will exceed $75,000 exclusive of interest and costs.

12.

By email dated May 16, 2015, defendants received the discovery responses of plaintiff. In those discovery responses, plaintiff claimed injuries to her back, legs, and arms.  At the same time, plaintiff identified a pending lawsuit against Wal-Mart Stores, Inc. for an incident occurring on January 18, 2014, about 6 weeks after her Target incident, alleging cervical injuries. Identified medical expenses for both claims were $32,443.67 and plaintiff treated with the same neurologist since January 23, 2014 for both claims.  With regard to the Target alleged injuries, plaintiff complained of lower back pain with radiation into her legs.  She was noted to be using a walker and limping.  In April of 2014, she complained of right shoulder pain that she believes was related to being run over by a cart from December 5, 2013.  Arthropathy and joint pain to her shoulder was added to her problem list and an injection was recommended and performed on

May 21, 2014. Plaintiff returned on June 18, 2014 complaining of spasms in her legs. After an MRI was performed plaintiff received bilateral L2-3 injections on July 14, 2014. Lumbar Medial branch blocks were then performed on August 8, 2014. Plaintiff returned on September 14, 2014 claiming that the lumbar block provided no relief. She was given treatment options and chose to under go use of trial IT pump.

13.

The discovery responses did not provide a clear rendition of the amount plaintiff would seek in recovery against Target, i.e., the amount in controversy. As such, upon receipt of the discovery responses outlining plaintiff alleged injuries, Defendants submitted a Request for Admissions to Plaintiff requesting that plaintiff admit that Joyce Patrick Rushing's alleged damages from the Target incident did not exceed $75,000, exclusive of interest and costs. On May 27, 2014 plaintiff responded to the Request for Admissions **denying** that Joyce Patrick Rushing's damages **did not exceed $75,000** exclusive of interest and costs.

14.

The state court petition is subject to amendment upon motion of plaintiff at any time, including the ability to assert damages greater than $75,000, exclusive of interest and costs. Plaintiff's petition fails to provide a general allegation the claims exceed or is less than the amount necessary to provide for lack of jurisdiction of federal court due to insufficiency of damages. La. C.C. P. art. 893.

15.

Nonetheless, based upon plaintiff's Response to the Request for Admissions, which supplemented plaintiff's discovery responses in the state court proceeding, Defendants are informed and believes that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000, exclusive of interest and costs for the claims of Joyce Patrick Rushing.  While defendants admit no liability, nor any element of damages, defendants have met their burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

B.    **COMPLETE DIVERSITY**

16.

Defendants Target and Ace are foreign corporations organized under the laws of the States of Minnesota and Pennsylvania, respectively, which their principal places of business in Minneapolis and Philadelphia, respectively.

17.

Defendant Mr. Darryl or Darrell Mitchell is a current resident of and domiciled in the state of Georgia.  Regardless, plaintiff has no arguable claim against this defendant and has joined him as defendant in this matter in order to defeat diversity jurisdiction and keep this matter in state court.  Because plaintiff has no arguable or reasonable basis on which to state a cause of action against him, the joining of this defendant and any alleged lack of diversity caused by his presence does not bar removal to this court.

18.

Plaintiff is a resident of and domiciled in the Parish of Tangipahoa, State of Louisiana.

19.

Accordingly, there is complete diversity of citizenship between the plaintiff and the only non-fraudulent defendants.

20.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. DEFENDANTS HAVE STATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

21.

Defendants Target Corporation, and/or Target Corporation of Minnesota, were served with the Petition for Damages through their registered agent for service of process on December 15, 2014. Defendant ACE American Insurance Company was served with the Petition for Damages on December 17, 2014. Defendant Mr. Darryl or Darrell Mitchell was purportedly served with the Petition for Damages on December 5, 2014. All defendants were served with plaintiff's First Amending and Supplemental Petition for Damages on March 27, 2015. An exception of insufficient service is currently pending in state court on Darrell Mitchell's behalf.

22.

The original Petition for Damages, nor the First Amending and Supplemental Petition for Damages did not allege damages sufficient to where it was readily ascertainable that the case is on which was removable. The original petition and amending and supplemental petitions only made general allegations of damages without information as to medical expenses or treatment rendered. Those generic allegations did not allow for removal at the time of service of same upon defendants.

23.

Plaintiff's subsequent Responses to the Request for Admissions constitutes "other papers" under 28 U.S.C. §1446(b) (3) from which it may first be ascertained that the case is one which is or has become removable. The Responses to the Request for Admissions was received on May 27, 2015. This Notice of Removal is being filed within thirty (30) days after first receipt by defendants of a copy of another paper/pleading from which it may first be ascertained that the case is one which is or has become removable. This notice of removal is further being filed within one year of commencement of the action. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c).

24.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100

($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

25.

The 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a).

26.

No previous application has been made by defendants in this case for the relief requested herein.

27.

Defendants wish to remove the claims which have been asserted by plaintiff in the state court proceeding to the United States District Court for the Eastern District of Louisiana.  The claims that plaintiff, Joyce Patrick Rushing, now asserted in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs.  The claims which plaintiff, Joyce Patrick Rushing, has asserted in the state court proceeding, therefore, fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Eastern District of Louisiana.  See, 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 & 1446-1451.

28.

Target Corporation and/or Target Corporation of Minnesota, ACE American Insurance Company,  and Darrell Mitchell, confer in removal of the matter and respectfully requests that

this Notice of Removal be filed into the record of the United States District Court for the Eastern District of Louisiana, effecting a removal of that certain matter styled, "Joyce Patrick Rushing versus Target Corporation of Minnesota, Target Corporation,  ACE American Insurance Company and Mr. Darryl" suit number 14-0003578, from the docket of the 21st Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana.

29.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition, the First Amending and Supplement Petition, The Request for Admissions, and Responses to Request for Admissions are attached hereto as exhibits A, B, C, and D, respectively.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Joyce Patrick Rushing, and a copy is being filed with the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

30.

Defendants are entitled to and request **trial by jury** of all issues herein.

WHEREFORE, defendants, Target Corporation and/or Target Corporation of Minnesota, ACE American Insurance Company, and Mr. Darryl/Darrell Mitchell, hereby removes this action from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

**LAWRENCE & ASSOCIATES**
By:   **/s/David P. Curlin**
David P. Curlin (LSBA # 20771)
John S. Lawrence, Jr. (LSBA # 19678)
225 St. Ann Drive
Mandeville, LA  70471
Telephone:  (985) 674-4446

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that on this 19 day of June, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Timothy R. Richardson, attorney for plaintiff.

                                        **/s/David P. Curlin**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCE PATRICK RUSHING | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| TARGET CORPORATION of MINNESOTA, | * | |
| TARGET CORPORATION, ACE AMERICAN | * | MAGISTRATE |
| INSURANCE COMPANY and MR. DARRYL | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE

David P. Curlin, counsel for defendants Target Corporation and/or Target Corporation of Minnesota, ACE American Insurance Company, and Darrell Mitchell, being duly sworn, says that heretofore upon the filing herein of the Notice of Removal to the United States District Court for the Eastern District of Louisiana, (the "Notice"), he, on the **19**[th] day of **June, 2015**, gave written notice thereof to the adverse parties by placing a true copy of the Notice in the United States Mail, postage prepaid, to the attorney of record for plaintiffs, and that on this same day, a copy of said Notice of Removal, a copy of which is attached hereto, is being delivered to the Clerk of Court for the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, wherein said action originally was pending.

Mandeville, Louisiana, this 19 day of June, 2015.

Respectfully Submitted:
**LAWRENCE & ASSOCIATES**
By:     /s/David P. Curlin
David P. Curlin (#20771)
John S. Lawrence, Jr. a P.L.C. (#19678)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone:  (985) 674-4446
John@lawrenceandassociateslawfirm.com
David@lawrenceandassociateslawfirm.com
Attorneys for Defendants

<hr />

## CERTIFICATE OF SERVICE

I hereby certify that on this **19th** day of **June, 2015,** I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:  Timothy R. Richardson, plaintiffs' attorney.

                          /s/David P. Curlin

SWORN AND SUBSCRIBED before me, this ____ day of _____, 2015.

John S. Lawrence, Jr. (#19678)
Notary Public